IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHANICQUA BRYANT,<br>             Plaintiff, | CIVIL ACTION |
| v. | |
| POTTSGROVE SCHOOL DISTRICT and<br>ANN MARIE LUCAS in her personal and<br>official capacities,<br>             Defendants. | No. 25-3140 |

**MEMORANDUM OPINION**

Plaintiff Shanicqua Bryant sued Defendants Pottsgrove School District and Ann Marie Lucas following a September 2024 incident involving her son—a student in Pottsgrove School District.  On September 6 of that year, Bryant's son left the school campus after being dismissed for the day and did not return to school until September 30—three weeks later.  In the course of trying to locate the student, the Defendants contacted Bryant and the local police department, filing what Bryant claims is a false police report.  Bryant's Complaint references a November 2024 "due process hearing" under the Individuals with Disabilities Education Act ("IDEA"), "conducted at the school in regard to [Plaintiff's] son's education and also the allegations from the school district that were made to the police department."

Several claims related to this allegedly false police report survived Defendants' Motion to Dismiss: (1) violation of Due Process, cognizable under 42 U.S.C. §1983; (2) retaliation for enforcing her son's Section 504 rights under the Rehabilitation Act of 1973; and, (3) individual tort claims asserted against Lucas for defamation, intentional infliction of emotional distress, and false light.  Discovery has since closed, and Defendants filed a Motion for Summary Judgment which has been pending, unanswered, since February 9, 2026.

1

Two months after the resolution of the Motion to Dismiss, Bryant brought a second action, 2:25-cv-06547, also against the School District and Lucas.  That Complaint sought a "hearing on the merits of the due process appeal" and total monetary damages of $100,000.  While lacking in specifics, it states that the claims arose in "2023-2025" and that Bryant was seeking to appeal an IDEA September 2025 due process decision.  Bryant's Complaint, which also lists claims against Lucas which in their entirety allege Lucas committed a

> violation [of the] Americans with Disabilities Act (ADA), discrimination on the basis of color, [and the torts of] false light [,] intentional infliction of emotional distress [,] harassment [, and] promissory estoppel, she promised that [Plaintiff] would be treated fairly and she has lied[.] Lucas made false police reports and colluded with Pottstown School D[istrict] against plaintiff, negligence[.]

But, due to the sparse facts in that Complaint—vis-à-vis Lucas in particular—and the reference to an allegedly false police report, it appears some of these claims are based on the same underlying facts at issue in Bryant's earlier action.

The Court consequently closed Bryant's second action as duplicative and ordered her to pursue her claims in the instant case.  She now moves to file a Second Amended Complaint.  Bryant's proposed Second Amended Complaint asserts that at an August 2025 due process hearing, Bryant was barred from asking certain questions by the Hearing Officer.  It also purports to add claims for violations of the Americans with Disabilities Act ("ADA"), promissory estoppel, harassment, and fraud and conspiracy (collusion).  However, it contains few, if any, facts to support these claims.  Instead, it relies on the conclusory statements that that Lucas "lied under oath" and "manipulate[d] and t[oo]k advantage" of Bryant.  It also notably drops the defamation, false light, and intentional infliction of emotional distress claims which were previously allowed to proceed against Defendant Lucas in the instant action.

Under the Federal Rules of Civil Procedure, a party may amend its pleading once within

2

the specified time period as a matter of right.  Fed. R. Civ. P. 15(a)(1).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Although "the grant or denial of an opportunity to amend is within the discretion of the District Court . . . outright refusal to grant the leave without any justifying reason appearing for the denial is . . . an abuse of that discretion." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410 (3d Cir. 1997) (same). "A district court may deny leave to amend a complaint where it is apparent from the record that '(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party.'" *Schumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 849 (3d Cir. 2014) (quoting *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)).

Granting leave to amend is futile if the court would lack subject-matter jurisdiction over the amended claim.  *Hayden v. Westfield Ins. Co.*, 586 F. App'x 835, 841 (3d Cir. 2014).  Similarly, a leave to amend is denied on futility grounds where the proposed amendment fails to state a claim upon which relief may be granted.  *See Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000); *see also Smith v. Commonwealth of Pa.*, 2022 WL 3139854, at *15 (E.D. Pa. Aug. 4, 2022).  The same is true where a proposed amendment merely repackages allegations already before the court and fails to otherwise meaningfully advance the case.  *See, e.g.*, *LM Gen. Ins. Co. v. Lebrun*, 2020 WL 7640927, at *4 (E.D. Pa. Dec. 23, 2020) (denying leave to amend as futile where the proposed amendment would be duplicative); *Siler v. CSAA Gen. Ins. Co.*, 2021 WL 510073, at *3 (M.D. Pa. Feb. 11, 2021) ("Where a plaintiff's amended complaint seeks merely to 'bring mostly the same claims' as asserted previously . . . leave to amend may be denied.") (quoting *Juan v. Sanchez*, 339 F. App'x 182, 186 (3d Cir. 2009).

The claims Bryant seeks to add fall into three categories: (1) repackaged allegations already at issue in the present action; (2) those so sparse that they would not survive a motion to dismiss; and, (3) those over which this Court lacks jurisdiction.

First, there are those that are merely a repackaging of allegations already before the Court. Although Bryant does not clearly connect the causes of action to the facts plead in the proposed pleading, insofar as they are based on: (1) the three-week disappearance of Bryant's son; (2) the District's police report; and (3) the November 2024 due process hearing, granting leave to amend is not only futile, *see LM Gen. Ins. Co.*, 2020 WL 7640927, at *4, but unduly delayed. Fact discovery has closed on these issues and Defendant's Motion for Summary Judgment has been pending for nearly two months. It is not in the interests of justice to allow, at this eleventh hour, additional claims to be tacked on, long past any reasonable window to amend.

Second, there is Bryant's ADA claim, which contains no factual support in the proposed pleading. All that Bryant alleges is that Lucas knew about Bryant's unnamed disabilities and took advantage of them in an unspecified way. Taken in the light most favorable to Bryant, as pled and supported solely by conclusory statements, it cannot survive a motion to dismiss. As such, granting leave to so amend would also be futile. *See Shane*, 213 F.3d at 115; *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("Threadbare" recitations of the elements of a claim supported only by "conclusory statements" are insufficient to state a claim).

Finally, this Court lacks jurisdiction to hear claims related to the 2025 due process hearing, since claims arising under IDEA are subject to a mandatory administrative exhaustion requirement. Absent a recognized exception, a federal district court lacks subject-matter jurisdiction over an IDEA claim unless and until the plaintiff has exhausted the administrative remedies provided by statute. *See* 20 U.S.C. § 1415(i); *Batchelor v. Rose Tree Media Sch. Dist.*,

4

759 F.3d 266, 272 (3d Cir. 2014) (citing *Komninos v. Upper Saddle River Bd. of Educ.*, 13 F.3d 775, 778 (3d Cir. 1994)).  Here, Bryant pursued a due process complaint under IDEA, then withdrew from the hearing before the administrative process could run its course.  When afforded multiple opportunities to proceed—including the opportunity to resume direct examination, call additional witnesses, introduce exhibits, or reconvene the hearing at a later date—she declined to do so, and thus no meaningful record was ever developed.

Bryant's only response is that "in March 2023, the U.S. Supreme Court ruled that parents are not required to exhaust administrative procedures under the Individuals with Disabilities Education Act (IDEA) before seeking relief in the form of compensatory damages under . . . [the ADA] or Section 504. . . . "  Although Bryant did not provide a citation for this assertion, as is required by Local Rule of Civil Procedure 7.1(c), the Court understands this to be a reference to, *Perez v. Sturgis Public Schools*, 598 U.S. 142 (2023), in which the Supreme Court held that held that administrative exhaustion is not required if the relief sought is not available under IDEA, such as when a student seeks a prospective educational plan under IDEA but also brings a claim for damages under the ADA.  But insofar as Bryant is seeking a review of the August 2025 due process hearing under IDEA, *Perez* does not excuse her abandonment of that process.  She must still exhaust her administrative remedies before this Court has jurisdiction to review that particular claim.

Because Bryant's proposed Second Amended Complaint is futile—repackaging the same facts to bring "new" claims, making conclusory statements with no factual support, and seeking district court review before exhausting the administrative process required by IDEA—leave to amend shall be denied.

An appropriate order follows.

6

**BY THE COURT:**

**S/ WENDY BEETLESTONE**

**WENDY BEETLESTONE, C.J.**